IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| TFII LEGACY, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>LUMMUS CORPORATION,<br><br>  Defendant. | Civil Action No. _____<br><br>TRIAL BY JURY DEMANDED |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff TFII Legacy, LLC, f/k/a Carter Control Systems, L.L.C. ("Legacy"), states these claims against defendant Lummus Corporation ("Lummus"):

### I.    THE PARTIES

1. Legacy is a Delaware limited liability company with its principal place of business in Texas.

2. Lummus is a Delaware corporation with its principal place of business in Georgia. It may be served with process by service on its registered agent, Corporation Service Company, 215 Little Falls Drive, Wilmington, Delaware 19808.

### II.    JURISDICTION AND VENUE

3. The Court has personal jurisdiction over the parties because they expressly consented to the jurisdiction of the state and federal courts of Delaware.

4. The Court has subject matter jurisdiction over these claims because complete diversity exists between the parties and the controversy involves more than $75,000. 28 U.S.C. § 1332.

5. Venue is proper in the United States District Court for the District of Delaware because the parties expressly agreed to that venue.

### III. FACTUAL BACKGROUND

6. Until June 7, 2018, Legacy owned all the issued and outstanding shares of common stock of Carter Control Systems, Inc., a Maryland corporation (the "Stock").

7. Lummus and Legacy entered into a Stock Purchase Agreement dated as of May 21, 2018, as amended by that Amendment to Stock Purchase Agreement dated as of June 7, 2018 (together, the "SPA" or "Stock Purchase Agreement"), through which Legacy agreed to sell to Lummus all the Stock and Lummus agreed to purchase all the Stock.

8. The stock purchase transaction contemplated by the SPA closed on June 7, 2018.

9. The SPA obliged Lummus (defined as "Buyer") to use commercially reasonable efforts to collect all legacy sales taxes that were uncollected as of the Closing, and to pay all collected sales taxes to Legacy (defined as "Seller"):

> **Section 5.14  Post-Closing Collection of Uncollected Legacy Sales Tax.**  From the Closing Date through April 30, 2019 (the **"Post-Closing Collection Period"**), Buyer shall, and shall cause the Company to, use commercially reasonable efforts to collect the Uncollected Legacy Sales Tax from the Legacy Sales Tax Customers.  If, during the Post-Closing Collection Period, Buyer or the Company collects any portion of the Uncollected Legacy Sales Tax from the Legacy Sales Tax Customers, then the aggregate amount so collected from such customers (such aggregate amount, the **"Recovered Legacy Sales Tax Amount"**) shall be for the benefit of Seller.  No later than ten (10) Business Days after the earlier of (i) the date upon which the entire Uncollected Legacy Sales Tax has been collected by Buyer or the Company or (ii) the expiration of the Post-Closing Collection Period, Buyer shall pay to Seller an amount equal to the Recovered Legacy Sales Tax Amount (*less* any portion of the Recovered Legacy Sales Tax Amount that was factored into the Closing Working Capital calculation for purposes of determining the Post-Closing Adjustment) by wire transfer of immediately available funds to an account to be designated in writing by Seller to Buyer no later than two (2) Business Days prior to the date of payment.

10. This was to occur no later than May 10, 2019 (ten days after the Post-Closing Collection Period).

11.     Lummus has taken the position that it has the right to set off the amounts due to Legacy for Recovered Sales Tax Amount against monies it claims Legacy owes Lummus for the Working Capital Adjustment provided for by SPA Section 2.04.  Nothing in the SPA provides Lummus this set-off right.

12.     Legacy has demanded that Lummus pay the Recovered Sales Tax Amount.  Upon information and belief, this amount far exceeds the $103,328.46 that Lummus acknowledged collecting as of August 2018, eight months before the Post-Closing Collection Period expired.  Lummus has failed and refused to do so despite demand.

## CAUSE OF ACTION

### COUNT I
### (Breach of Stock Purchase Agreement)

13.     The SPA constitutes a valid, existing contract between Lummus and Legacy.

14.     Lummus breached that contract by failing to pay the Recovered Sales Tax Amount when due.

15.     These breaches have caused Legacy actual damages.

16.     Legacy seeks to recover its actual, consequential, and incidental damages, pre-judgment and post-judgment interest, and its costs, including reasonable and necessary attorney's fees.

## JURY DEMAND

17.     Legacy respectfully requests a trial by jury on all issues of fact in this case.

## PRAYER

WHEREFORE, plaintiff TFII Legacy, LLC, f/k/a Carter Control Systems, L.L.C., prays that upon final hearing it be awarded its actual, consequential, and incidental damages, pre-

judgment and post-judgment interest, and costs, including reasonable and necessary attorney's fees, and any other relief to which it is entitled.

Respectfully submitted,

Dated:  July 15, 2019

WILKS, LUKOFF & BRACEGIRDLE, LLC

*/s/ Thad J. Bracegirdle*
Thad J. Bracegirdle (DE Bar No. 3691)
Andrea S. Brooks (DE Bar No. 5064)
4250 Lancaster Pike, Suite 200
Wilmington, Delaware  19805
Telephone:  302.225.0850
Email:  tbracegirdle@wlblaw.com
Email:  abrooks@wlblaw.com

OF COUNSEL:

John H. McFarland
JOYCE + MCFARLAND LLP
(Texas State Bar No. 00794270)
712 Main Street, Suite 1500
Houston, Texas  77002
Telephone:  (713) 222-1112
Email: jmcfarland@jmlawyers.com

*Attorneys for Plaintiff*